John S. Lockman, J.
During a pretrial suppression hearing the People moved to amend the indictment charging attempted bribery so that the reason for the alleged bribe was changed from not arresting the defendant to releasing the already arrested defendant.
The defense contends that only the Grand Jury can make such a substantive change in an indictment.
CPL 200.70 provides: “1. At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits. Upon permitting such an amendment, the court must, upon application of the defendant) order any adjournment of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense.” (emphasis added).
Inspection of the Grand Jury minutes shows that the testimony before the Grand Jury was that the alleged attempted bribe *522 was made after the defendant was under arrest so that he would be released. Since the amendment ‘ ‘ does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury ” and the defendant has not shown prejudice, the motion is granted.